STATE OF NORTH CAROLINA v. CLARENCE STEVENSON BEAMER

No. 244A92

(Filed 30 December 1994)

## 1. Criminal Law § 794 (NCI4th)— murder, burglary, robbery, arson—acting in concert—instruction on common plan not given—no error

There was no error in a noncapital prosecution for first-degree murder, armed robbery, first-degree burglary, and second-degree arson in the instruction on acting in concert where the court refused to instruct the jury as defendant requested that it must find that defendant was acting pursuant to a common plan to commit a crime. It was not necessary for the jury to find the defendant intended to kill the victim in order to find him guilty of first-degree murder; if the victim was killed in the perpetration of an armed robbery or burglary in which the defendant participated, he is guilty of first-degree murder. The evidence showed the defendant intended that the crimes of burglary, armed robbery, and arson be committed and that he participated in them, and the charge was adequate as to these three crimes.

Am Jur 2d, Trial §§ 1255 et seq.

## 2. Evidence and Witnesses § 850 (NCI4th)— arson—statement explaining smell of petroleum—hearsay

The trial court did not err in a prosecution for multiple offenses including arson where defendant's teacher had testified for the State that she smelled petroleum on defendant's bookbag and clothes two days after the fire and the court would not let defendant question the teacher on cross-examination as to the explanation defendant gave when she questioned him. The testimony of the teacher as to what the defendant had told her was hearsay and does not come within any exception to the hearsay rule.

Am Jur 2d, Evidence §§ 658 et seq.

## 3. Criminal Law § 762 (NCI4th)— murder, burglary, robbery, arson—instructions—reasonable doubt—moral certainty

The trial court did not err in a noncapital prosecution for first-degree murder, armed robbery, first-degree burglary, and second-degree arson by using the phrase moral certainty in its instruction on reasonable doubt.

Am Jur 2d, Trial § 1385.

**4. Evidence and Witnesses § 716 (NCI4th)— murder, burglary, robbery, arson—testimony concerning defendant's classroom odor—not probative—not prejudicial**

There was no prejudicial error in a noncapital prosecution for first-degree murder, armed robbery, first-degree burglary, and second-degree arson where defendant's teacher testified on direct examination that there was an odor of feces about defendant in the classroom two days after the crime and that she thought he had had a bowel movement, which he did when under stress, and testified on cross-examination that this had happened to defendant fifteen or twenty a times in the past. The testimony had little probative value but did not have a tendency to prejudice defendant.

Am Jur 2d, Appeal and Error §§ 776-779, 797-809.

**5. Criminal Law § 687 (NCI4th)— murder, burglary, robbery, arson—requested instruction on seeking truth—denied**

The trial court did not err in a noncapital prosecution for first-degree murder, armed robbery, first-degree burglary, and second-degree arson by not giving defendant's requested jury instruction on seeking truth. Although defendant argued that the court must give at least the substance of a requested instruction that is supported by the evidence, this was a general statement of the jury's duties and defendant did not identify the evidence supporting the request.

Am Jur 2d, Trial §§ 1092 et seq.

**6. Arson and Other Burnings § 37 (NCI4th)— second-degree arson—no instruction on willful and malicious damage to real or personal property by use of explosive or incendiary device—no plain error**

There was no plain error in a prosecution for multiple offenses including second-degree arson where the court did not charge the jury that it could find defendant guilty of willful and malicious damage to real or personal property by the use of any explosive or incendiary device as a lesser included offense. The State's evidence was strong as to every element of second-degree arson.

Am Jur 2d, Trial §§ 1427 et seq.

Lesser-related state offense instructions: modern status. 50 ALR4th 1081.

**7. Indictment, Information, and Criminal Pleadings § 50 (NCI4th)— indictment alleging burglary with intent to commit larceny—charge on burglary with intent to commit robbery**

There was no prejudicial error in a noncapital prosecution for first-degree murder, armed robbery, first-degree burglary, and second-degree arson where the indictment alleged that defendant committed first-degree burglary by breaking and entering with intent to commit larceny and the court charged the jury that it could find the defendant guilty of first-degree burglary if it found the defendant or someone acting in concert with him intended to commit armed robbery at the time of the breaking and entering. The jury had to find that defendant intended to commit a crime with more elements than the crime alleged in the indictment; this was error favorable to the defendant.

**Am Jur 2d, Indictments and Informations §§ 260 et seq.**

**8. Criminal Law § 1156 (NCI4th)— first-degree burglary— aggravating factors—armed with deadly weapon—weapon used to force entry—finding as aggravating factor erroneous**

A resentencing hearing was ordered for a first-degree burglary conviction where the court found as an aggravating factor that defendant was armed with a deadly weapon at the time of the crime and the State had to prove that defendant and his accomplice forced their way into the victim's mobile home in order to prove a breaking and entering, an element of burglary, and the State proved this element by proving that defendant's accomplice held a gun on the victim so that the two men were able to enter the mobile home. N.C.G.S. § 15A-1340.4(a)(1)

**Am Jur 2d, Criminal Law §§ 598, 599.**

**9. Criminal Law § 1218 (NCI4th)— burglary — mitigating factors—minor role—not found—no error**

The trial court did not err when sentencing defendant for first-degree burglary by not finding the statutory mitigating factor that defendant played a minor role in the commission of the offense. A review of the record clearly shows that the evidence was not uncontroverted that defendant played only a minor role in the commission of the offense; in fact, it appears that defend-

ant was a knowing and active participant in the burglary and other crimes.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Rousseau, J., at the 20 January 1992 Criminal Session of Superior Court, Yadkin County. The defendant's motion to bypass the Court of Appeals as to additional judgments was allowed. Heard in the Supreme Court 15 February 1993.

The defendant, who was sixteen years old at the time of the alleged crimes, was tried for first-degree murder, armed robbery, first-degree burglary, and second-degree arson. The State did not seek the death penalty.

The State's evidence, including a confession by the defendant, showed that on the night of 20 February 1991, the defendant and an accomplice went to a mobile home occupied by Henry Rufus Shaffner. They knocked on the door. Mr. Shaffner opened the door and said, "[w]hat do you boys want?" The accomplice drew a gun and said, "[w]e want your money." The defendant and the accomplice then entered the mobile home. The accomplice forced Mr. Shaffner at gunpoint to go to the bedroom and give him money. While they were in the bedroom the accomplice took possession of a .38 caliber Colt revolver which belonged to Mr. Shaffner.

The accomplice then forced Mr. Shaffner to return to the living room where he shot Mr. Shaffner to death with his own pistol. At the accomplice's direction, the defendant went outside the mobile home and brought a jug to the accomplice which the accomplice filled with oil. The accomplice and defendant then carried Mr. Shaffner's body to the bedroom and covered the floor of the mobile home with the oil. The accomplice then set the floor on fire. The mobile home was completely destroyed.

The defendant did not introduce evidence. The jury convicted the defendant on all the charges against him. The defendant was sentenced to life in prison for first-degree murder. He was sentenced to forty years in prison on the first-degree burglary charge and twelve years in prison on the second-degree arson charge. Judgment was arrested on the armed robbery charge. The sentences are to be served consecutively.

The defendant appealed.

*Michael F. Easley, Attorney General, by Ralf F. Haskell, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by M. Gordon Widenhouse, Jr., Assistant Appellate Defender, for defendant-appellant.*

WEBB, Justice.

**[1]** The defendant's first assignment of error deals with the court's charge on acting in concert. The defendant asked the court to charge that in order to convict him of a crime on the theory of acting in concert, the jury must find that he was "acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." The court refused to give this charge and instructed the jury as follows:

> Now, members of the jury, for a person to be guilty of a crime, it is not necessary that he, himself, do all the acts necessary to constitute that crime.
>
> If a defendant is present, and with one or more persons, act together with a common purpose to commit armed robbery, each of them is held responsible for the acts of the others done in the commission of that armed robbery, as well as any other crime, such as murder, arson and burglary, committed by the other in the, in the furtherance of that common purpose.

During its deliberations, the jury asked for further instructions and the court repeated this charge.

The defendant contends it was error not to charge as he requested that the jury must find he was acting pursuant to a common plan to commit a crime before he could be found guilty of that crime. The jury found the defendant guilty of felony murder. It was not necessary for the jury to find the defendant intended to kill the victim in order to find him guilty of first-degree murder. *State v. Shrader*, 290 N.C. 253, 225 S.E.2d 522 (1976). If the victim was killed in the perpetration of an armed robbery or burglary in which the defendant participated, he is guilty of first-degree murder. N.C.G.S. § 14-17 (1993). It was not necessary to charge on intent as to the charge of murder. The evidence showed the defendant intended that the crimes of burglary, armed robbery, and arson be committed, indeed he participated in

them. The charge was adequate as to these three crimes. *State v. Joyner*, 297 N.C. 349, 355-358, 255 S.E.2d 390, 394-396 (1979).

[2] The defendant next assigns error to the sustaining of an objection to a question he asked of a State's witness on cross-examination. The defendant's teacher testified for the State that two days after the fire, she smelled petroleum on the defendant's bookbag and clothes. On cross-examination, the court would not let the defendant question the teacher as to what explanation the defendant gave her when she questioned him about the smell of the petroleum. The witness would have testified that he told her that he had worked on a car and the fuel line "had busted on him." The defendant argues that this was relevant evidence and it was error to exclude it.

The court was correct in sustaining this objection. The testimony of the teacher as to what the defendant had told her was hearsay testimony and does not come within any exception to the hearsay rule. It was not error to exclude it. *State v. Stanton*, 319 N.C. 180, 191, 353 S.E.2d 385, 392 (1987); *State v. Price*, 301 N.C. 437, 449, 272 S.E.2d 103, 111 (1980).

[3] The defendant argues under his next assignment of error that the court did not correctly instruct the jury in regard to reasonable doubt. The court instructed as follows:

> Now, a reasonable doubt is not a vain, imaginary or fanciful doubt, but it's a sane and rational doubt. It's a doubt based on common sense.

> When it's said that you, the jury, must be satisfied of the Defendant's guilt beyond a reasonable doubt, it is meant that you must be fully satisfied or entirely satisfied, or satisfied to a moral certainty of the truth of the charge.

> If, after considering, comparing and weighing the evidence, or lack of evidence, the minds of the jury are left in such a condition that you cannot say that you have an abiding faith to a moral certainty in the Defendant's guilt, then you would have a reasonable doubt. Otherwise, not.

The defendant, relying on *Cage v. Louisiana*, 498 U.S. 39, 112 L. Ed. 2d 339 (1990), says this charge unconstitutionally reduces the State's burden of proof of beyond a reasonable doubt. This assignment of error is overruled pursuant to *State v. Moseley*, 336 N.C. 710, 445 S.E.2d 906 (1994).

STATE v. BEAMER

[339 N.C. 477 (1994)]

**[4]** The defendant next assigns error to certain testimony by his teacher who testified for the State. The teacher testified that on 22 February 1991, the defendant was in her classroom and there was the odor of a feces about him. She thought he had had a bowel movement, which he did when under stress. On cross-examination, she testified this had happened to the defendant fifteen or twenty times in the past.

The defendant contends this evidence was not relevant to any issue in the case and was very prejudicial. We agree with the defendant that this testimony had little probative value. We do not believe, however, that it had a tendency to prejudice the defendant. It was not reversible error. N.C.G.S. § 15A-1443(a) (1988). This assignment of error is overruled.

**[5]** The defendant next argues that it was error for the court not to give the following jury instruction from the Pattern Jury Instructions:

> The highest aim of every legal contest is the ascertainment of the truth. Somewhere within the facts of every case, the truth abides, and where truth is, justice steps in garbed in its robes and tips the scales. In this case you have no friend to reward, you have no enemy to punish; you have no anger to appease or sorrow to assuage. Yours is a solemn duty to let your verdict speak the everlasting truth.

N.C.P.I.—Crim. 101.36 (1978).

The defendant argues that when a party requests an instruction that is supported by the evidence, the court must give the jury at least the substance of the instruction. *State v. Monk*, 291 N.C. 37, 229 S.E.2d 163 (1976). He does not say what evidence supported this requested instruction. It is a general statement as to the jury's duties. It is not necessary to include it in a jury charge. This assignment of error is overruled.

**[6]** The defendant next assigns error to the court's failure to charge the jury that it could find the defendant guilty of willful and malicious damage to real or personal property by the use of any explosive or incendiary device as a lesser included offense of second-degree arson. The defendant did not object to the court's failure to so charge and we must examine this assignment of error under the plain error rule.

Assuming that the willful and malicious damage to real or personal property by an explosive or incendiary device is a lesser included offense of second-degree arson, we hold it was not plain error to fail to charge on it. We adopted the plain error rule in *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983), in which we said:

> "[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has ' " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " ' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.' "

*Id.* at 660, 300 S.E.2d at 378, quoting *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir. 1982) (footnotes omitted) (emphasis in original).

We do not believe the failure to charge on willful and malicious damage to real or personal property by the use of any explosive or incendiary device was plain error as we have defined it. The State's evidence in this case was strong as to every element of second-degree arson. We cannot hold that the failure to give the jury an opportunity to convict the defendant of another crime can be fairly said to have had a probable impact on the jury's finding that the defendant was guilty of second-degree arson. Nor do we believe it can be said it was error so fundamental that it prevented the defendant from receiving a fair trial or that it affected the public reputation of judicial proceedings.

This assignment of error is overruled.

[7] The defendant next assigns error to a part of the charge. The indictment alleged that defendant committed first-degree burglary by a breaking and entering with intent to commit larceny. The court charged the jury that it could find the defendant guilty of first-degree burglary if it found the defendant or someone acting in concert with him intended to commit armed robbery at the time of the breaking and entering of the mobile home. The defendant says the court

charged the jury on a crime not supported by the indictment and this was error. *State v. Brown*, 312 N.C. 237, 321 S.E.2d 856 (1984).

Larceny is a lesser included offense of armed robbery. *State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988); *State v. Barton*, 335 N.C. 741, 441 S.E.2d 306 (1994). When the court charged the jury that it could find the defendant guilty of first-degree burglary if it found the defendant or someone acting in concert with him intended to commit armed robbery at the time of the breaking and entering, it charged that it must find the defendant and his accomplice had committed a crime which included larceny. The jury had to find he intended to commit a crime with more elements than the crime alleged in the indictment. This was error favorable to the defendant.

This assignment of error is overruled.

[8] The defendant next assigns error to the finding of an aggravating factor used to enhance the sentence for first-degree burglary. The court found as an aggravating factor that the defendant was armed with a deadly weapon at the time of the crime. He says that the court thus used evidence necessary to prove an element of the offense to find this aggravating factor, which is error. We believe this assignment of error has merit.

N.C.G.S. § 15A-1340.4(a)(1) provides in part:

Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . .

In this case, the State had to prove the defendant and his accomplice forced their way into the mobile home in order to prove a breaking and entering, an element of burglary. *State v. Smith*, 311 N.C. 145, 316 S.E.2d 75 (1984). The State proved this element by proving the defendant's accomplice held a gun on Mr. Shaffner so that the two men were able to enter the mobile home. This evidence should not have been used to find an aggravating factor. For this error, there must be a resentencing hearing on the conviction of first-degree burglary. *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983).

[9] The defendant assigns error to the trial court's failure to find as a statutory mitigating factor in his burglary conviction that the defendant played a minor role in the commission of the offense. The defendant argues that the evidence presented at trial was uncontroverted that he played a minor role in the commission of the burglary in that

he did nothing to further either the burglary or any of the other offenses which were subsequently committed.

In *State v. Hood*, 332 N.C. 611, 422 S.E.2d 679 (1992), *cert. denied,* —— U.S. ——, 123 L. Ed. 2d 659 (1993), this Court stated:

> The trial court is required to find a statutory mitigating factor under the Fair Sentencing Act only if the evidence supporting that factor is uncontradicted and there is no reason to doubt its credibility; even then, the trial court is free to determine what weight it will give such a mitigating factor in sentencing under N.C.G.S. § 15A-1340.4(a). *State v. Jones*, 309 N.C. 214, 219, 306 S.E.2d 451, 455 (1983). To show that the trial court erred in failing to find a statutory mitigating factor, the defendant bears the burden of persuading the reviewing court that the evidence is so manifestly credible and so clearly supports the mitigating factor that no reasonable inferences to the contrary can be drawn. *Id.*

*Id.* at 623, 422 S.E.2d at 685-686.

A review of the record clearly shows that the evidence was not uncontroverted that the defendant played only a minor role in the commission of the offense. In fact, it appears to show that he was a knowing and active participant in the burglary, as well as with the other crimes. The defendant has failed to establish that the evidence is so manifestly credible and so clearly supports the mitigating factor that he played only a minor role that no reasonable inferences to the contrary can be drawn.

This assignment of error is overruled.

FIRST-DEGREE MURDER: NO ERROR.

FIRST-DEGREE BURGLARY: REMANDED FOR RESENTENCING.

SECOND-DEGREE ARSON: NO ERROR.