STATE OF NORTH CAROLINA v. RICKY STRAING

No. 92A95

(Filed 9 February 1996)

1. **Criminal Law § 793 (NCI4th); Homicide § 583 (NCI4th)— acting in concert—instructions—specific intent of defendant**

   The trial court's instructions that the State was required to prove as an element of each of the crimes of first-degree premeditated and deliberated murder, armed robbery, and first-degree kidnapping that "defendant, or someone with whom he was acting in concert" had the specific intent to commit the crime erroneously allowed the jury to convict defendant of those crimes on the theory of acting in concert without requiring the State to establish that defendant had the specific intent to commit those crimes, and defendant is entitled to a new trial on each of those charges. Defendant is also entitled to a new trial on a felony murder charge because the predicate felony which supported that theory was obtained without the State being required to establish defendant's specific intent.

   **Am Jur 2d, Homicide §§ 498-501, 507; Trial §§ 1251, 1255, 1256.**

   **Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.**

2. **Criminal Law § 461 (NCI4th)— prosecutor's closing argument—improper comment on inadmissible evidence**

   A comment by the prosecutor during her closing argument that it was "interesting how the State cannot get in what Morris told Lawrence" was improper where the trial court had ruled that the statement by Morris was inadmissible.

   **Am Jur 2d, Trial §§ 615, 616.**

   **Supreme Court's views as to what courtroom statements made by prosecuting attorney during criminal trial violate due process or constitute denial of fair trial. 40 L. Ed. 2d 886.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Helms, J., on 4 August 1994 in Superior Court, Union County, upon a jury verdict of guilty of first-degree murder. Defendant's motion to bypass the Court of Appeals as to his convictions for robbery with a dangerous weapon and first-degree kidnapping was allowed by the Supreme Court on 7 March 1995. Heard in the Supreme Court on 17 November 1995.

*Michael F. Easley, Attorney General, by Michael S. Fox, Assistant Attorney General, for the State.*

*Charles B. Brooks, II, for defendant-appellant.*

MITCHELL, Chief Justice.

Defendant was indicted for the 12 June 1993 murder, kidnapping, and robbery of Douglas William Efird. He was tried capitally at the 25 July 1994 Criminal Session of Superior Court, Union County, and was found guilty of felonious larceny, robbery with a dangerous weapon, first-degree kidnapping, and first-degree murder under both the theories of premeditation and deliberation and felony murder. After a capital sentencing proceeding, the jury recommended a sentence of life imprisonment for the murder, and the trial court sentenced defendant accordingly. In addition, the trial court entered judgments sentencing defendant to imprisonment of forty years for robbery with a dangerous weapon and forty years for first-degree kidnapping to run consecutively to the murder conviction but concurrently with each other. The trial court arrested judgment for the larceny conviction.

The State's evidence tended to show *inter alia* that in the early morning of 12 June 1993, the victim solicited information from Tyrone Morris on how to purchase cocaine. After speaking to the victim alone, Morris asked Tavis Garland and defendant to ride with the victim and Morris to purchase cocaine in Matthews, North Carolina. The four men entered the victim's automobile. During the trip to Matthews, Morris and the victim began to argue about money, and Morris hit the victim in the neck and face. The victim stopped his vehicle, and Morris continued to beat the victim with his fists. Thereafter, Morris pulled the victim out of the vehicle through the passenger side door and opened the trunk of the vehicle. Morris asked defendant to assist him in lifting the victim into the trunk of the car. Defendant grabbed the victim's legs and helped Morris put the

STATE v. STRAING

[342 N.C. 623 (1996)]

victim in the trunk. Garland testified at trial that after defendant and Morris put the victim in the trunk, he noticed that defendant was holding the victim's billfold in his hand.

Morris drove the victim's vehicle to Matthews, where the three men purchased cocaine. At some point after smoking the cocaine, the men heard a beating noise coming from the trunk. Garland testified at trial that he and defendant said, "we've got to let this guy out," and Morris replied, "we're going to let him out." According to Garland's testimony, Morris then stopped the car and opened the trunk alone. Although Garland did not see Morris pull the victim out of the vehicle, he testified that he heard loud noises that sounded like the victim had been pulled out of the car and beaten. Morris then called for defendant to assist him, and the two men disposed of the victim's body in a field. The victim's body was discovered in a decomposed state on 14 July 1993.

[1] In an assignment of error, defendant argues the trial court erred by giving an incorrect instruction on the doctrine of acting in concert. We agree with defendant and conclude that there was reversible error in the trial court's instructions.

Before instructing the jury on the substantive elements of each of the crimes charged, the trial court defined acting in concert as follows:

> Now, there's a principle in our law known as acting in concert. For a person to be guilty of a crime it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit a crime, each of them is not only guilty as a principle [sic] if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose or as a natural or probable consequence of the common purpose.

> However, the mere presence of the defendant at the scene of a crime, even though he is in sympathy with a criminal act and does nothing to prevent its commission, does not make him guilty of the offense. To sustain a conviction of the defendant, the State's evidence must show and prove to you that the defendant was present actually or constructively with the intent to aid the perpetrator in the commission of the offense should his assist-

ance become necessary, and that such intent was . . . communicated to the actual perpetrator.

Thereafter, the trial court enumerated the substantive elements of first-degree murder, robbery with a dangerous weapon, and first-degree kidnapping. The trial court instructed on first-degree murder on the basis of malice, premeditation, and deliberation in the following manner:

> Now, I charge that for you to find the defendant guilty of first degree murder on the basis of malice, premeditation and deliberation, the State must prove five things beyond a reasonable doubt.
>
> First, that the defendant, or someone with whom he was acting in concert, intentionally and with malice killed the victim.
>
> . . . .
>
> Now, second, the State must prove that the defendant's act or the act of someone with whom he was acting in concert was a proximate cause of the victim's death. . . .
>
> Third, that the defendant, or someone with whom he was acting in concert, intended to kill the victim. . . .
>
> Fourth, that the defendant, or someone with whom he was acting in concert, acted after premeditation. That is, that he formed the intent to kill the victim over some period of time, however short, before he acted.
>
> And fifth, that the defendant, or someone with whom he was acting in concert, acted with deliberation, which means that he acted while he was in a cool state of mind.

In an identical manner, the trial court inserted the clause "defendant, or someone with whom he was acting in concert," in each of the definitive elements of robbery with a dangerous weapon and first-degree kidnapping.

A premise of our criminal law is that no person charged with a crime will be held criminally responsible unless the State proves beyond a reasonable doubt that the person possessed the *mens rea* or mental state forming an element of the crime charged. One substantive element of numerous offenses in this state is that the person charged possessed "specific intent" to commit the very crime for

STATE v. STRAING

[342 N.C. 623 (1996)]

which the person is charged. Our legislature has included a specific intent element in each of the offenses of which defendant in the case *sub judice* was found guilty—first-degree murder based on premeditation and deliberation, robbery with a dangerous weapon, and first-degree kidnapping. Thus, before the jury could properly render a verdict of guilty as to any of these specific intent crimes, it was required to find that defendant possessed the requisite specific intent. *State v. Blankenship*, 337 N.C. 543, 559, 447 S.E.2d 727, 736 (1994); *State v. Reese*, 319 N.C. 110, 141, 353 S.E.2d 352, 370 (1987); *State v. Westbrook*, 279 N.C. 18, 41, 181 S.E.2d 572, 586 (1971), *death sentence vacated*, 408 U.S. 939, 33 L. Ed. 2d 761 (1972).

Where two or more persons are acting together in pursuit of a common plan, all may be found criminally responsible for the offenses included within the common plan committed by any one of the persons. *State v. Joyner*, 297 N.C. 349, 357, 255 S.E.2d 390, 395 (1979). Under this theory of criminal culpability, known as acting in concert, each person acting pursuant to a common plan may be criminally responsible for all offenses that are a part of the course of criminal conduct pursuant to the common plan, even if each person does not commit the act or acts himself. However, a majority of this Court[1] recently held that the theory of acting in concert does not dispense with the requirement that the State prove that the defendant had the specific intent to commit the particular offense for which he is charged. *Blankenship*, 337 N.C. at 559, 447 S.E.2d at 736.

The jury instructions given by the trial court in the case *sub judice* allowed the jury to convict defendant of premeditated and deliberated murder, robbery with a dangerous weapon, and first-degree kidnapping on the theory of acting in concert without requiring the State to establish that the defendant had the specific intent to commit those crimes. Therefore, under the controlling authority of *State v. Blankenship*, defendant is entitled to a new trial on each of these charges. We also are required under *Blankenship* to vacate the verdict and judgment against defendant for first-degree murder on the felony murder theory, as the verdict against defendant for the underlying predicate felony which supported that theory was obtained without the State being required to establish defendant's specific intent.

---

1. The author of this opinion dissented in *State v. Blankenship*. Although the author of this opinion still believes that *Blankenship* was wrongly decided, he is now required by *stare decisis* to apply that precedent in the case *sub judice*.

**[2]** Although not determinative in light of the above error in the jury instructions, we also agree with defendant that a comment made by the prosecutor during her closing argument was improper. Despite an order by the trial court declaring a statement allegedly made by Tyrone Morris to be inadmissible, the prosecutor stated to the jury during closing arguments, "isn't it interesting how the State can not get in what Morris told Lawrence." We will not speculate as to the prosecutor's motivations for attempting to place before the jury evidence that the trial court had ruled inadmissible. However, we admonish our trial judges to utilize their discretionary powers to sanction such arguments in the future.

For the foregoing reasons, defendant must receive a new trial.

NEW TRIAL.