STATE OF NORTH CAROLINA v. ERIC EUGENE BRICE and TYRONE DAVID GOOD

No. COA96-942

(Filed 15 July 1997)

**1. Kidnapping and Felonious Restraint § 18 (NCI4th)— robbery and kidnapping—restraint of victim unnecessary to robbery**

In a prosecution for robbery and kidnapping, the trial court did not err in submitting the charge of kidnapping to the jury where the evidence showed that restraint of the victim was not

necessary to carry out the robbery of two other victims and there was no evidence that anything was stolen from the kidnapping victim.

**Am Jur 2d, Abduction and Kidnapping § 49.**

**Seizure or detention for purpose of committing rape, robbery, or other offense as constituting separate crime of kidnapping. 39 ALR5th 283.**

2. **Criminal Law § 804 ( NCI4th Rev.)— acting in concert— kidnapping—intent to commit robbery—erroneous instruction**

The trial court's acting in concert instructions on a kidnapping charge constituted prejudicial error where the jury could reasonably interpret the instructions to indicate defendant's guilt of second-degree kidnapping if the act of restraint was committed in furtherance of a plan to commit robbery.

**Am Jur 2d, Criminal Law § 918.**

3. **Criminal Law § 1096 (NCI4th Rev.)— use of a firearm— aggravating factor—enhancement of sentence—necessary element of restraint**

It was error for the trial court to enhance defendant's sentence for kidnapping based on use of a firearm as an aggravating factor where the use of a firearm was used to prove the necessary element of restraint.

**Am Jur 2d, Criminal Law §§ 598, 599.**

4. **Appeal and Error § 418 (NCI4th)— assignments of error— abandoned**

Defendant's assignments of error which were not presented in defendant's brief as required by N.C. R. App. P. 28(b)(5) are deemed abandoned.

**Am Jur 2d, Appellate Review §§ 544-551.**

Appeal by defendants from judgments and commitments entered 21 March 1996 and amended judgment and commitment entered 25 June 1996 by Judge Ronald K. Payne in Gaston County Superior Court. Heard in the Court of Appeals 12 May 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Teresa L. White, for the State.*

*Henry L. Fowler, III for defendant-appellant Eric Eugene Brice.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charles L. Alston, Jr., for defendant-appellant Tyrone David Good.*

McGEE, Judge.

Defendants Eric Eugene Brice and Tyrone David Good were tried jointly upon indictments of two counts of robbery with a firearm and one count of second-degree kidnapping. The jury found each defendant guilty of all three charges on 20 March 1996. Judgments and commitments were entered on 21 March 1996 and amended 25 June 1996. Both defendants appeal.

Evidence presented by the State tended to show the following occurred on 13 July 1995. Defendants Brice and Good, along with Dennis Tate, went to the home of Kenneth Starr and Christine Nash. Starr and Nash knew Brice and invited him and his companions into the residence. Following a brief conversation, Starr went outside to quiet his dogs. Shortly after Starr re-entered the house, Brice pointed a gun at him and forced him back outside. Brice demanded money from Starr, stating "I don't want to kill you, but you know I will shoot you."

The State's evidence indicated that while Brice was outside with Starr, defendant Good went into a bedroom where David Toms and David Littlejohn, guests of Starr, were sleeping. Good ordered Toms and Littlejohn to lie on the bedroom floor while he searched them and the room for valuables. At approximately the same time, Tate was in the living room where he threatened Nash with a gun and ordered her to lie face down on the floor. Nash became ill, suffering an asthma attack, and was unable to recall any further events that occurred. According to Starr, the three men left once satisfied they had obtained all the available cash. Nash, Toms, and Littlejohn remained on the floor until the men were gone. Defendants presented no evidence.

Both defendants were charged with second-degree kidnapping of Nash. They argue the State failed to meet its burden of establishing the kidnapping as a completely independent act from the robbery and assign error to the trial court's refusal to dismiss the kidnapping charge.

**[1]** Defendants contend the restraint of Nash was an integral part of the robbery of Starr and his guests and not a separate act of kidnapping. They rely upon *State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981), to assert the separate charge of kidnapping subjects them to double jeopardy. *Irwin* involved the robbery of a drug store by two armed defendants. The victim, an employee, was forced from the front of the store to the back where the safe was located. Our Supreme Court stated that this removal was necessary to facilitate the robbery and was not a separate act of kidnapping. *Id.* at 103, 282 S.E.2d at 446.

The present case more closely resembles *State v. Joyce*, 104 N.C. App. 558, 410 S.E.2d 516 (1991), and *State v. Brayboy*, 105 N.C. App. 370, 413 S.E.2d 590, *cert. denied* 332 N.C. 149, 419 S.E.2d 578 (1992). The *Joyce* court distinguished *Irwin* on the ground that it was not necessary in *Joyce* for the victims to be moved in order to complete the robbery. *Joyce*, 104 N.C. App. at 567, 410 S.E.2d at 521. This Court held in *Brayboy* that the act of pushing a victim to the ground to prevent her from investigating a gun shot was sufficient to sustain a kidnapping conviction, stating "restraint does not have to last for an appreciable period of time and removal does not require movement for a substantial distance." *Brayboy*, 105 N.C. at 375, 413 S.E.2d at 593 (citing *State v. Fulcher*, 294 N.C. 503, 522-23, 243 S.E.2d 338, 351 (1978)).

In this case, the jury could reasonably find that the restraint of Nash was not necessary to carry out the robbery of Starr and Toms. There is no evidence that Nash interfered with defendants' actions, and nothing was stolen from her. In *State v. Roseborough*, 344 N.C. 121, 472 S.E.2d 763 (1996) our Supreme Court stated:

A motion to dismiss is properly denied if substantial evidence of each essential element of the offense charged is presented at trial. The evidence must be considered in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.

*Id.* at 126, 472 S.E.2d at 766 (quoting *State v. Quick*, 323 N.C. 675, 682, 375 S.E.2d 156, 160 (1989)). We find there was sufficient evidence presented for the kidnapping charge to be submitted to the jury.

**[2]** Defendant Good next contends the trial court's acting in concert jury instruction on the kidnapping charge was prejudicial error. The State argues that defendants' failure to object to the jury instruction

at trial precludes them from arguing it to this Court on appeal pursuant to Rule 10(b)(2) of the Rules of Appellate Procedure. However, both Rule 10(c)(4) and decisions of our Supreme Court provide for plain error review in criminal cases, including review of jury instructions. N.C.R. App. P. 10(c)(4) (1996); *see also, State v. Gainey*, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996) (citing *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)). We will review the jury instructions for plain error. We note that although defendants failed to object after the jury instructions were given, they did disagree with the trial court's interpretation of the acting in concert standard just prior to the jury receiving that instruction. In addition, both defendants moved to dismiss the kidnapping charge at the conclusion of the State's evidence, claiming the State failed to prove specific intent.

In 1994 our Supreme Court clarified the law of acting in concert in *State v. Blankenship*, 337 N.C. 543, 558, 447 S.E.2d 727, 736 (1994), holding that for each acting in concert charge related to a specific intent crime, the State must prove each defendant's intent to commit the specified crime. In the recent decision of *State v. Barnes*, 345 N.C. 184, 481 S.E.2d 44 (1997), the Supreme Court specifically overruled *Blankenship* and returned to its prior acting in concert standard:

> [I]f "two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof."

*Id.* at 233, 481 S.E.2d at 71 (quoting *State v. Erlewine*, 328 N.C. 626, 637, 403 S.E.2d 280, 286 (1991)).

Although *Barnes* lowered the State's burden, the Court noted that no *ex post facto* problem was created because the crimes in *Barnes* were committed and defendants were sentenced prior to the certification of the *Blankenship* opinion on 29 September 1994. *Barnes*, 345 N.C. at 234, 481 S.E.2d at 72. *Ex post facto* arguments originally referred only to legislative enactments; however, in *Marks v. United States*, 430 U.S. 188, 51 L. Ed. 2d 260 (1977), the United States Supreme Court extended the doctrine to "forbid the retrospective application of an unforeseeable judicial modification of criminal law to the detriment of the defendant in the case at issue." *Barnes*, 345 N.C. at 234, 481 S.E.2d at 72 (citing *Marks*, 430 U.S. at

191-92, 51 L. Ed. 2d at 264-65).

Following the *Barnes* decision, this Court decided *State v. Woods*, No. COA96-676 (N.C. Court of Appeals, July 1, 1997), a case in which the crime, conviction and sentencing occurred after *Blankenship* but before *Barnes.* Since we found the jury instructions in *Woods* comported with the *Blankenship* standard, it was not necessary to address the *ex post facto* issue. Defendant Good's contention that the application of the *Barnes* standard in this case "allows different or greater punishment than was permitted when the crime was committed" has merit. *Barnes,* 345 N.C. at 234, 481 S.E.2d at 71 (defining *ex post facto*) (quoting *State v. Vance,* 328 N.C. 613, 620-21, 403 S.E.2d 495, 500 (1991)). Therefore, we address whether the instructions given comply with *Blankenship,* which was the applicable law at the time this case arose.

Defendants contend the trial court's acting in concert instruction as to the kidnapping is similar to those found deficient in *Blankenship* and in *State v. Straing,* 342 N.C. 623, 466 S.E.2d 278 (1996) (following *Blankenship* and vacating the defendant's convictions). The *Straing* instructions stated in pertinent part:

> For a person to be guilty of a crime it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit a crime, each of them is not only guilty as a principle [sic] if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose or as a natural or probable consequence of the common purpose.

*Id.* at 625, 466 S.E.2d at 279. Defendants argue the trial court submitted the crime of kidnapping to the jury "without requiring the State to establish that [each] defendant had the specific intent" to participate in the separate act of kidnapping. *See id.* at 627, 466 S.E.2d at 281.

We agree the trial court's jury instructions in this case create some confusion. The second-degree kidnapping instruction stated in pertinent part:

> Third, that the defendant confined, restrained, or removed the person for the purpose of facilitating another person's commission of a crime; and that would have to be the armed robbery.

This was followed by an acting in concert instruction:

> [F]or a person to be guilty of a crime, it is not necessary that he himself do all the acts necessary to constitute the crime. They may be guilty if two or more persons act together with a common purpose and are actually or constructively present at the time the crime is committed. Each of them is held responsible for the acts of the other done in the commission of the crime. That would be second-degree kidnapping.

Considering the fluctuating acting in concert standard of proof, it is not unexpected that a trial court's instructions might be inconsistent with the applicable law. This inconsistency will not necessarily create reversible error, as "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *State v. McNeil*, 327 N.C. 388, 392, 395 S.E.2d 106, 109 (1990) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47, 38 L. Ed. 2d 368, 373 (1973)).

In reviewing the overall context, we conclude the jury could reasonably interpret the instructions to indicate defendants' guilt of second-degree kidnapping if the act of restraint was committed in furtherance of the plan to commit robbery. "Thus, there is a reasonable possibility that had the instructional error on acting in concert not occurred, a different result [may] have been reached." *Blankenship*, 337 N.C. at 562, 447 S.E.2d at 738-39; *see also* N.C. Gen. Stat. § 15A-1443(a) (1988). Therefore, both defendants are entitled to a new trial as to the kidnapping charge.

We note the trial court's acting in concert instruction regarding robbery with a firearm was very clear and met both the *Blankenship* and *Barnes* standards:

> [Y]ou may find either of these defendants guilty of the crime of robbery with a firearm even though you may find that they were not the person who possessed the firearm or who took the property if you find beyond a reasonable doubt that the defendant acted in concert with another . . . for a common purpose *and that common purpose being to commit robbery with a firearm* . . . then you may hold that person responsible for the act of the others done in the commission of the crime. (emphasis added).

The trial court's specific identification of robbery as the crime defendants intended to commit is the essential element missing from the kidnapping instruction.

**[3]** Defendant Brice further assigns as error the trial court's enhancement of his kidnapping sentence based on the use of a firearm as an aggravating factor. In that this might again be at issue in a second trial on the kidnapping charge, we address this assignment of error. In this case, the State presented evidence that Tate restrained Nash by threatening her with a firearm. Relying on the use of a firearm to prove the necessary element of restraint precludes employing the use of a firearm again to enhance the sentence. *See State v. Beamer*, 339 N.C. 477, 485, 451 S.E.2d 190, 195 (1994); *State v. Smith*, 125 N.C. App. 562, 566-67, 481 S.E.2d 425, 427-28 (1997). The trial court erred by enhancing the kidnapping sentence.

**[4]** Defendant Good further contends the trial court erred by granting the State's motion to join his trial with that of Brice. While Good did assign error to this issue, the argument was not presented separately in the brief as required by the Rules of Appellate Procedure; therefore, it may not be considered by this Court. N.C.R. App. P. 28(b)(5) (1997). The remaining assignments of error not addressed by either defendant in their briefs are deemed abandoned. N.C.R. App. P. 28(a) (1997).

No error as to the two counts of robbery with a firearm. New trial for both defendants on the second-degree kidnapping charge only.

Affirmed in part, reversed in part, and remanded for new trial on the kidnapping indictment.

Judges EAGLES and SMITH concur.