STATE OF NORTH CAROLINA v. PIERRE TOREZ-OMAR FARRAR

No. COA05-1319

(Filed 19 September 2006)

## 1. Robbery— attempted robbery with dangerous weapon— motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of attempted robbery with a dangerous weapon based on alleged insufficient evidence that defendant took or attempted to take any property from either of the two victims, because: (1) in the light most favorable to the State, a reasonable person could conclude that defendant and two others, while acting in concert, attempted to rob one of the victims of her pocketbook; and (2) even though one of the men dropped the pocketbook upon hearing there was no money in it, the grabbing of the pocketbook was an overt act calculated to deprive the victim of her personal property.

## 2. Burglary and Unlawful Breaking or Entering— allegation of specific felony for burglary—fatal variance

The trial court committed plain error by instructing the jury that in order to convict defendant of the offense of first-degree burglary, the State had to prove he committed the burglary with the intent to commit the felony of robbery with a dangerous weapon when the indictment alleged that defendant committed burglary with the intent to commit larceny.

Appeal by defendant from judgments entered 17 March 2005 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 21 August 2006.

*Attorney General Roy Cooper, by Assistant Attorney General David L. Elliott, for the State.*

*Parish & Cooke, by James R. Parish, for defendant appellant.*

McCULLOUGH, Judge.

Defendant appeals from the trial court's denial of his motion to dismiss the charges of attempted robbery and first-degree burglary and asserts that, as to the charge of first-degree burglary, there was a fatal variance between the indictment and the instructions given

by the trial judge to the jury. We find no error in the denial of the motion to dismiss but reverse and vacate the conviction of first-degree burglary.

## FACTS .

On 18 January 2005, defendant Pierre Torez-Omar Farrar was indicted for robbery with a dangerous weapon and first-degree burglary. On 7 February 2005, defendant was also indicted for attempted robbery with a dangerous weapon. The case was tried at the 14 March 2005 Criminal Session of Guilford County Superior Court.

The State presented evidence at trial which tended to show the following: On 22 March 2004, defendant, along with Brandon Williams and a man named Verdelle, went to a residence on Avalon Road in Guilford County. The three men got on the porch, put shirts over their faces and put latex gloves on their hands. Verdelle then kicked the door in and walked into the house with a gun, followed by Williams and defendant. Inside the house were Mollie Slade, her sister Darlene Slade, Darlene's two children, and Mollie's sons Lamar and Demar. Lamar came out of the back of the house, and Verdelle pointed a gun at him. A chain was taken from around Lamar's neck, and Verdelle walked into Lamar's room and took a Playstation, some games, and a VCR. Williams kept watch on Mollie and Darlene while defendant walked up and down the hallway, looking through rooms. Meanwhile, the men kept asking, "Where is it? Where is the money?" and "Where is the stuff?" Finally, before leaving, one of the men picked up Darlene's purse and asked her if there was any money in it. When she said no, the man dropped the pocketbook and the three men left.

At the close of the evidence, the judge instructed the jury on the charge of first-degree burglary as follows:

Now, I charge that for you to find the defendant guilty of first-degree burglary, the State must prove six things beyond a reasonable doubt. . . .

. . . .

And sixth, that at the time of the breaking and entering, the defendant intended to commit robbery with a firearm. Or attempted to commit robbery with a firearm.

Defendant was convicted of robbery with a dangerous weapon, attempted robbery with a dangerous weapon and first-degree bur-

glary and was sentenced to consecutive terms of seventy-two to ninety-six months' imprisonment.

Defendant now appeals.

## ANALYSIS

### I

**[1]** Defendant first argues that there was insufficient evidence to sustain the conviction for attempted robbery with a dangerous weapon and that the trial court erred in denying his motion to dismiss such charges. Specifically, defendant contends that the State failed to present substantial evidence that he took or attempted to take any property from Mollie or Darlene Slade. After careful review of the records, briefs and contentions of the parties, we find no error.

To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. *State v. Cross*, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). " 'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.' " *Id.* at 717, 483 S.E.2d at 434 (quoting *State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). When reviewing the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." *State v. Patterson*, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994).

The essential elements of robbery with a dangerous weapon are: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon, (3) whereby the life of a person is endangered or threatened." *State v. Call*, 349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998); *see also* N.C. Gen. Stat.. § 14-87 (2005). "The elements of attempt are an intent to commit the substantive offense and an overt act which goes beyond mere preparation but falls short of the completed offense." *State v. Squires*, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003), *cert. denied*, 541 U.S. 1088, 159 L. Ed. 2d 252 (2004). Thus, " '[a]n attempted robbery with a dangerous weapon occurs when a person, with the specific intent to unlawfully deprive another of personal property by endangering or threatening his life with a dangerous weapon, does some overt act calculated to bring about this result.' " *State v. Gillis*, 158 N.C. App. 48, 56, 580 S.E.2d 32,

38 (citations omitted), *disc. review denied,* 357 N.C. 508, 587 S.E.2d 887 (2003).

In the instant case, in the light most favorable to the State, a reasonable person could conclude that defendant, Williams, and Verdelle, while acting in concert, attempted to rob Darlene of her pocketbook. After the men entered the house with a gun drawn, one of the men grabbed the pocketbook and asked Darlene if it contained any money. Only when he was told that it did not did he drop the pocketbook. We conclude this evidence was sufficient to show that there was an attempted taking. The grabbing of the pocketbook was an "overt act" calculated to deprive Darlene of her personal property. Accordingly, the trial court did not err by denying the motion to dismiss.

## II

[2] Defendant next argues that the trial court committed plain error by instructing the jury that in order to convict him of the offense of first-degree burglary, the State must prove he committed the burglary with the intent to commit the felony of robbery with a dangerous weapon, whereas the indictment alleged that defendant committed burglary with the intent to commit larceny. Because we find this variation between the indictment and jury instructions to be prejudicial error, we reverse and vacate defendant's conviction of first-degree burglary.

The plain error rule " 'allows review of fundamental errors or defects in jury instructions affecting substantial rights, which were not brought to the attention of the trial court.' " *State v. Bell,* 87 N.C. App. 626, 634-35, 362 S.E.2d 288, 293 (1987) (citation omitted). In order to obtain relief under this doctrine, defendant must establish that the omission was error, and that, in light of the record as a whole, the error had a probable impact on the verdict. *Id.* at 635, 362 S.E.2d at 293.

The essential elements of first-degree burglary are: (1) breaking or entering, (2) the occupied dwelling house of another, (3) in the nighttime, (4) with the intent to commit a felony therein. *State v. Montgomery,* 341 N.C. 553, 566, 461 S.E.2d 732, 739 (1995); *see also State v. Scott,* 150 N.C. App. 442, 455, 564 S.E.2d 285, 295, *appeal dismissed and disc. review denied,* 356 N.C. 443, 573 S.E.2d 508 (2002); N.C. Gen. Stat. § 14-51 (2005). While the intent to commit a felony therein is an element of the offense, the specific felony need not be stated in the indictment. *See State v. Worsley,* 336 N.C. 268,

281, 443 S.E.2d 68, 74 (1994) (indictment for first-degree burglary satisfied the requirements of N.C. Gen. Stat. § 15A-924(a)(5) notwithstanding the fact that it did not specify the felony defendant intended to commit when he entered the victim's apartment). Thus, "[b]ecause the State is only required in the indictment to allege that the defendant intended to commit *a* felony, . . . any language in the indictment which states with specificity the felony defendant intended to commit is surplusage which may properly be disregarded." *State v. Roten,* 115 N.C. App. 118, 122, 443 S.E.2d 794, 797 (1994) (citation omitted).

Although the State is not required to allege a specific felony in a burglary indictment, our Supreme Court has recently held that, when the State has alleged an intent to commit a specific felony, such an allegation serves as notice to the defendant of the State's theory of the offense. *State v. Silas,* 360 N.C. 377, 381, 627 S.E.2d 604, 608 (2006).

In *Silas,* the indictment charging the defendant with the offense of felonious breaking and entering alleged that " 'on or about the 9th day of July, 1999, in Mecklenburg County, James Emanuel Silas unlawfully and wilfully did feloniously break and enter a building occupied by Rhonda Silas, used as a residence, located at . . . Charlotte, North Carolina, with the intent to commit a felony therein, to wit: murder.' " *Id.* at 379, 627 S.E.2d at 606. At the charge conference, following the evidentiary portion of the trial, the trial court informed the parties that it intended to instruct the jury that in order for the jury to find the defendant guilty of the offense of felonious breaking or entering, they, the jury, had to find that the defendant intended to commit the felony of assault with a deadly weapon with intent to kill inflicting serious injury or assault with a deadly weapon inflicting serious injury. Where the instructions deviated from the allegations set forth in the indictment, the assistant district attorney orally moved to amend the indictment to conform to the evidence and the anticipated jury instructions which the trial court allowed.

The North Carolina Supreme Court recently stated, "[w]hen the prosecution amends an indictment for felonious breaking and entering in such a manner that the defendant can no longer rely upon the statement of the intended felony in the indictment, such an amendment is a substantial alteration and is prohibited by N.C.G.S. § 15A-923(e)." *Id.* at 382, 627 S.E.2d at 607. To allow such practice would enable the State to thwart the very purpose of an in-

dictment, " ' "to enable the accused to prepare for trial." ' " *Id.* (citations omitted).

In the instant case, the indictment alleged that defendant committed the offense of first-degree burglary by breaking and entering "with the intent to commit a felony therein, larceny." The jury was subsequently instructed that in order to convict defendant of first-degree burglary, that they must find that he broke and entered with the intent to commit the felony of robbery with a dangerous weapon. Unlike *Silas*, there was no amendment or motion to amend the indictment made by the State, however, the outcome was the same; the jury was instructed and defendant convicted of a crime of which he was not given sufficient notice in order to enable him to prepare an adequate defense. *See id.* at 382, 627 S.E.2d at 608. We find that the same analysis applied by the Supreme Court in *Silas* is applicable in the instant case, and therefore it must be held that while there is no requirement that an indictment for first-degree burglary contain specific allegations of the intended felony, if an indictment does specifically allege the intended felony, the State must prove that particular felony and no amendments may be had.

Therefore, it is axiomatic that where the State alleges an intent to commit a specific felony as an element of burglary in the indictment, such as in the instant case, that the jury be required to find defendant possessed the intent to commit the specific felony alleged in order to convict on the charge. Based on the foregoing conclusion, it is unnecessary to address the remaining assignment of error asserted by defendant on appeal.

Accordingly, the trial court correctly denied the motion to dismiss the charge of attempted robbery with a dangerous weapon, but the trial court's instructions to the jury as to first-degree burglary created a fatal variance in the indictment and resulted in prejudicial error. Therefore, the conviction of first-degree burglary must be vacated and remanded for entry of judgment of non-felonious breaking and entering. Further, the record on appeal contains additional assignments of error which are not properly addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6), we deem them abandoned.

No error in part and vacated in part and remanded for entry of judgment of non-felonious breaking and entering.

Chief Judge MARTIN and Judge HUNTER concur.