STATE OF NORTH CAROLINA v. PIERRE TOREZ-OMAR FARRAR

No. 527PA06

(Filed 9 November 2007)

**Indictment and Information— variance between indictment and instruction—favorable to defendant**

There was no prejudicial error in a prosecution for first-degree burglary where the indictment alleged larceny as the underlying felony and the instruction had armed robbery as the underlying felony. The error was favorable to defendant, as armed robbery includes more elements for the State to prove than larceny.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 179 N.C. App. 561, 634 S.E.2d 253 (2006), finding no error in part in judgments entered 15 March 2005 by Judge L. Todd Burke in Superior Court, Guilford County, but vacating defendant's conviction for first-degree burglary and remanding for entry of judgment of non-felonious breaking and entering. Heard in the Supreme Court 10 September 2007.

*Roy Cooper, Attorney General, by David L. Elliott, Assistant Attorney General, for the State-appellant.*

*James R. Parish for defendant-appellee.*

NEWBY, Justice.

This case presents the issue of whether it was prejudicial error for the trial court to instruct the jury to find defendant intended to commit robbery with a dangerous weapon as an element of first-degree burglary when the indictment alleged larceny as the underlying felony. We hold that when the variance between the indictment and the jury instructions is favorable to defendant, there is no prejudicial error. Accordingly, we reverse the Court of Appeals as to this issue.

On 18 January 2005, defendant was indicted for robbery with a dangerous weapon and first-degree burglary. On 7 February 2005, defendant was also indicted for attempted robbery with a dangerous weapon. The indictment for first-degree burglary alleged defendant committed the offense by breaking and entering "with the intent to commit a felony therein, larceny." During trial, the State presented evidence regarding the alleged crimes, a summary of which is set out in the Court of Appeals opinion and will not be repeated here. *See State v. Farrar*, 179 N.C. App. 561, 562, 634 S.E.2d 253, 255 (2006). At the close of the evidence, when instructing the jury on the charge of first-degree burglary, the trial court stated that in order for the jury to find defendant guilty of first-degree burglary, the State had to prove, *inter alia*, "that at the time of the breaking and entering, the defendant intended to commit robbery with a firearm[] [o]r attempted to commit robbery with a firearm." There was no objection to the jury instruction by the prosecutor or defendant. On 15 March 2005, the jury convicted defendant of robbery with a dangerous weapon, attempted robbery with a dangerous weapon, and first-degree burglary. The trial court sentenced defendant to two consecutive terms of seventy-two to ninety-six months imprisonment.

On appeal, the Court of Appeals affirmed the trial court's denial of defendant's motion to dismiss the charge of attempted robbery, finding there was sufficient evidence to support the charge. *Id.* at 563-64, 634 S.E.2d at 256. Defendant also argued before the Court of Appeals that the trial court's instructions to the jury constituted plain error because the indictment alleged he committed burglary with the intent to commit the felony of larceny, rather than the felony of rob-

bery with a dangerous weapon. *Id.* at 564, 634 S.E.2d at 256. Relying on this Court's decision in *State v. Silas*, 360 N.C. 377, 627 S.E.2d 604 (2006), the Court of Appeals found that the trial court's jury instructions created a fatal variance in the indictment resulting in prejudicial error and accordingly vacated defendant's conviction of first-degree burglary and remanded to the trial court for entry of judgment of non-felonious breaking and entering. *Id.* at 565-66, 634 S.E.2d at 257-58. Based on its finding of prejudicial error in the first-degree burglary jury instructions, the Court of Appeals determined it unnecessary to address the one remaining assignment of error raised in defendant's brief: whether the trial court erred in failing to dismiss the first-degree burglary charge based upon insufficiency of the evidence. *Id.* at 566, 634 S.E.2d at 258. The Court of Appeals deemed defendant's additional assignments of error abandoned because defendant did not address those assignments in his brief. *Id.* (citing N.C. R. App. P. 28(b)(6)).

We allowed the State's petition for discretionary review as to the sole issue of whether the variance between the first-degree burglary indictment and the trial court's jury instructions on the same charge constituted prejudicial error. 361 N.C. 361, 644 S.E.2d 364 (2007). The State contends that any error in the jury charge was not prejudicial because larceny is a lesser-included offense of robbery with a dangerous weapon, and thus, the jury instructions actually benefitted defendant by adding an additional element for the State to prove. Consistent with our decision in *State v. Beamer*, 339 N.C. 477, 451 S.E.2d 190 (1994), we agree.

Our General Statutes state: "A bill of indictment may not be amended." N.C.G.S. § 15A-923(e) (2005). This Court has construed this statute "to mean a bill of indictment may not be amended in a manner that substantially alters the charged offense." *Silas*, 360 N.C. at 379-80, 627 S.E.2d at 606 (citing *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996)). In considering whether an amendment constitutes a substantial alteration, we have been mindful of the purposes served by indictments, including that of enabling the defendant to prepare for trial. *See id.* at 380, 627 S.E.2d at 606.

In *Silas*, we addressed N.C.G.S. § 15A-923(e) as it applied to a situation different from the instant case: the State's amendment to an indictment charging felonious breaking and entering which significantly changed the underlying felony. *Id.* at 382-84, 627 S.E.2d at 607-08. In that case, the defendant was indicted for felonious breaking and entering with the intent to commit murder. *Id.* at 379, 627

S.E.2d at 606. Relying on the intended felony specified in the indictment, the defendant testified at trial on his own behalf that his intent was to harm the victims, not kill them. *Id.* at 378, 627 S.E.2d at 605. During the charge conference, the trial court notified the parties it intended to instruct the jurors that in order to convict defendant of felonious breaking and entering, they had to find the defendant guilty of the underlying felony of either (1) assault with a deadly weapon with intent to kill inflicting serious injury or (2) assault with a deadly weapon inflicting serious injury. *Id.* at 379, 627 S.E.2d at 606. Subsequently, the prosecutor was allowed to amend the indictment to conform to the evidence presented and the anticipated jury instructions. *Id.* We held the State's amendment of the indictment violated N.C.G.S. § 15A-923(e), reasoning that the amendment "prejudiced [the] defendant as he relied upon the allegations in the original indictment to his detriment in preparing his case upon the assumption the prosecution would proceed upon a theory defendant intended to commit murder." 360 N.C. at 382, 627 S.E.2d at 608. We further observed that the primary purpose of the indictment is " ' "to enable the accused to prepare for trial." ' " *Id.* at 382, 627 S.E.2d at 607 (quoting *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (citation omitted), *cert denied*, 539 U.S. 985, 124 S. Ct. 44, 156 L. Ed. 2d 702 (2003)). Ultimately in *Silas*, we concluded that an indictment for felonious breaking and entering does not have to specify the underlying felony. *Id.* at 383, 627 S.E.2d at 608. We noted, however, the general rule that when the underlying felony is specified, the defendant's conviction must be based on the same felony specified in the indictment. *Id.*

Our holding in *Silas* was consistent with our holding in an earlier case, *Beamer*, in which we recognized an exceptional situation when such a variance would not be fatal: when the variance actually benefits the defendant. 339 N.C. at 484-85, 451 S.E.2d at 194-95. The facts in *Beamer* are indistinguishable from those in the instant case. In *Beamer*, the indictment alleged larceny as the underlying felony for the commission of first-degree burglary. *Id.* at 484, 451 S.E.2d at 194. However, the trial court instructed the jury that it could find the defendant guilty of first-degree burglary if it found the defendant or someone acting in concert with him intended to commit armed robbery. *Id.* In deciding whether the trial court erred, this Court first noted that larceny is a lesser included offense of armed robbery. 339 N.C. at 485, 451 S.E.2d at 194 (citing *State v. Barton*, 335 N.C. 741, 441 S.E.2d 306 (1994); *State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988)). We then concluded:

When the [trial] court charged the jury that it could find the defendant guilty of first-degree burglary if it found the defendant or someone acting in concert with him intended to commit armed robbery at the time of the breaking and entering, it charged that it must find the defendant and his accomplice had committed a crime *which included larceny*. The jury had to find he intended to commit a crime *with more elements than* the crime alleged in the indictment. This was error favorable to the defendant.

*Id.* at 485, 451 S.E.2d at 194-95 (emphasis added). As in *Beamer*, the trial court's charge to the jury in this case benefitted defendant, because the instructions required the State to prove more elements than those alleged in the indictment. Therefore, there was no prejudicial error in the instructions.

For the reasons stated, we reverse the decision of the Court of Appeals as to the issue before this Court on discretionary review, whether the trial court's jury instructions on first-degree burglary constituted prejudicial error, and remand to that court for consideration of the remaining assignment of error presented by defendant on appeal. The other issues addressed by the Court of Appeals are not before this Court, and its decision as to those issues remains undisturbed.

REVERSED IN PART AND REMANDED.