STATE OF NORTH CAROLINA v. PIERRE TOREZ-OMAR FARRAR

No. COA05-1319-2

(Filed 6 May 2008)

**Burglary and Unlawful Breaking or Entering— first-degree burglary—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of first-degree burglary based on alleged insufficient evidence because the evidence at trial, viewed in the light most favorable to the State, showed that defendant and two other men went to the victims' residence around 9:30 pm; the men went on the porch, put shirts over their faces, and latex gloves on their hands; one of the men had a gun, kicked in the door, and all three entered the house and confronted the victims; and a chain necklace, a PlayStation, some games, and a VCR were taken while the men asked, "where is the money?"

Appeal by defendant from judgments entered 17 March 2005 by Judge L. Todd Burke in Guilford County Superior Court. Heard originally in the Court of Appeals on 21 August 2006, and opinion filed 19 September 2006, finding no error in part and vacated in part and remanded for entry of judgment of non-felonious breaking and entering. Remanded to this Court by opinion of the Supreme Court of North Carolina filed 9 November 2007.

*Attorney General Roy Cooper, by Assistant Attorney General David L. Elliott, for the State.*

*Parish & Cooke, by James R. Parish, for defendant appellant.*

McCULLOUGH, Judge.

Previously, this Court reversed defendant's conviction for first-degree burglary finding a fatal variance between the indictment and the jury instructions given by the trial judge. *State v. Farrar*, 179 N.C. App. 561, 634 S.E.2d 253 (2006). On 9 November 2007, our Supreme Court vacated that portion of this Court's decision which held that the variance was fatal, holding that where the variance is favorable to defendant no prejudice results. Thus, defendant's first-degree burglary conviction was reinstated. *State v. Farrar*, 361 N.C. 675, 651 S.E.2d 865 (2007).

This case was remanded to this Court for consideration of the remaining assignment of error. That assignment of error alleged that the trial court erred in failing to dismiss the charge of first-degree burglary due to the insufficiency of the evidence.

The facts of this home invasion are more fully discussed in the prior opinions set forth above. The elements of burglary in the first degree are:

(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein.

*State v. Wells*, 290 N.C. 485, 496, 226 S.E.2d 325, 332 (1976).

The evidence at trial showed that defendant and two other men went to the victims' residence around 9:30 p.m. on Avalon Road in Guilford County. The men went on the porch, put shirts over their faces, and latex gloves on their hands. One of the men had a gun,

**STATE v. FARRAR**

[190 N.C. App. 202 (2008)]

kicked in the door, and all three entered the house and confronted sisters Darlene and Mollie Slade with their children. A chain necklace, a PlayStation, some games, and a VCR were taken while the men asked, "where is the money?"

Taken in the light most favorable to the State, we believe substantial evidence on each element was presented and the motion properly denied. Accordingly, this assignment of error is overruled.

As this Court has now considered all of defendant's assignments of error and found them to be without merit, defendant's trial was conducted free of prejudicial error.

No prejudicial error.

Chief Judge MARTIN and Judge HUNTER concur.