STATE v. WARREN

[225 N.C. App. 791 (2013)]

---

STATE OF NORTH CAROLINA

v.

TRACY LEE WARREN

No. COA12-811

Filed 5 March 2013

**1. Embezzlement—testimony of motel owner—defendant's duties**

The trial court did not err in an embezzlement prosecution against a motel manager by admitting testimony from the owner concerning defendant's duties. Although defendant argued that the owner had no first-hand knowledge of the tasks defendant performed, the owner's testimony that defendant generated the deposit summaries and put together the bank deposits was properly within the scope of his personal knowledge as contemplated by N.C.G.S. § 8C-1, Rule 602.

**2. Embezzlement—owner of property—indictment and evidence**

The trial court did not err in an embezzlement case by failing to dismiss the charges where defendant alleged a fatal variance between the indictment and the evidence. Although the entity alleged as the victim in the indictment, Smoky Park Hospitality,

was a management company and not the owner, as the manager Smoky Park Hospitality had a special property interest in the money embezzled from the business.

### 3. Indictment and Information—variance with evidence—name of motel from which money embezzled—variance not material

A variance between the name "Comfort Inn" and "Comfort Inn West" in the indictment and the evidence in an embezzlement prosecution was not material and not fatal. There was no evidence of confusion or controversy as to which Comfort Inn defendant was charged with embezzling from.

### 4. Embezzlement—evidence sufficient

Assuming that an argument supporting a motion to dismiss that was not made at trial was properly preserved for appellate review, defendant's contention that the evidence admitted against her amounted to no more than assumption and speculation was not persuasive. The record revealed sufficient evidence to support the submission of the embezzlement charges to the jury.

Appeal by defendant from judgment entered 1 December 2011 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 30 January 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gayl M. Manthei, for the State.*

*David Belser for defendant-appellant.*

BRYANT, Judge.

Where the testimony was based on the personal knowledge of the witness, the trial court did not err in overruling defendant's challenge pursuant to Rule 602. Where the statement of ownership in the indictment was not defective and there was not a material variance between the business name used in the indictment and the evidence elicited at trial, the trial court did not err in denying defendant's motion to dismiss. And, the trial court did not err by denying defendant's motion to dismiss for insufficiency of the evidence.

Defendant Tracy Lee Warren worked for the Comfort Inn West in Buncombe County. At some point after 2000, defendant was promoted to general manager for the hotel. Her duties then included handling customer service, filling in when employees failed to show up

for work, writing bills, inspecting rooms, helping out in laundry or housekeeping, and making deposits.

On 12 July 2010, defendant was charged with embezzlement in thirteen indictments, one for each month from June 2008 through June 2009. In total, the indictments charged defendant with embezzling $80,405.96 over a period of thirteen months. A jury trial commenced during the 28 November 2011 Criminal Session of Buncombe County Superior Court, the Honorable James U. Downs presiding. Defendant was found guilty on all thirteen counts. Judgment was entered in accordance with the jury verdicts and defendant was sentenced to a term of six to eight months for each offense, each term to be served consecutively. The trial court then suspended each sentence and imposed supervised probation for a period of sixty months. Defendant appeals.

---

On appeal, defendant raises the following issues: Whether the trial court committed reversible error (I) by allowing a witness to testify that defendant put the deposits together; (II) in failing to dismiss the charges due to a variance between the indictment and the evidence adduced at trial; and (III) in denying defendant's motion to dismiss for insufficient evidence.

*I*

**[1]** Defendant argues that the trial court erred in allowing Mahesh Patel, a witness for the prosecution, to testify over objection that defendant was responsible for removing deposits from the safe, confirming a match of the figures, preparing deposit slips and taking the money to the bank. Specifically, defendant argues that Patel was testifying to tasks within defendant's job description but that he had no first-hand knowledge of what tasks she performed. We disagree.

Per our Rules of Evidence, Rule 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." N.C. Gen. Stat. § 8C-1, Rule 602 (2011).

Patel was the owner of the Comfort Inn West. He promoted defendant to general manager and assigned to her the duties she performed at the time of the events in question. Patel testified on direct examination that in June 2008 there was a discrepancy between the cash report—the record of the amount of money received by the hotel, and

STATE v. WARREN

[225 N.C. App. 791 (2013)]

the deposit reconciliation—the report detailing the amounts that were deposited in the hotel's bank account. The discrepancy amounted to $8,740.48. Defendant contends that the trial court erred in overruling his objection to the following testimony:

> Q. And again, the cash report—the deposit summaries in QuickBooks, those were all generated by the defendant?
>
> A. Yes.
>
> Q. And the deposits themselves, they were all put together by the defendant?
>
> A. Yes.
>
> MR. OWEN: Objection, unless he has firsthand knowledge.

We note that earlier in his testimony, Patel described defendant's duties as general manager for Comfort Inn West: Defendant was responsible for "handling customer service. When somebody don't show up, she fills in; writing bills, doing the deposits, inspecting rooms, helping out in laundry or housekeeping. Whatever it took, she was in charge." With regard to handling deposits for the business, Patel testified that defendant "would take the money to the bank, the cash and the checks" and that she "did the payroll."

> A. Usually after midnight, a night audit is run. And the report is usually—we put it in the back [office], where one is for cash reconciliation and one is a hotel detail summary, which gives you the credit cards and the whole thing. And we enter—take those two reports and put it into QuickBooks in the back office, manually putting the figures in.
>
> . . .
>
> Q. Okay. Well, and when she was—when the defendant was your manager from 2006 through July of 2009, who all had a key to access the back office?
>
> A. The back office, Tracy had a key, I had a key . . . .
>
> Q. And was there a safe involved in your recordkeeping as well?
>
> A. Not for recordkeeping, but—

Q. Well, for the deposits.

A. Deposits, there was a safe in the front where you drop the deposit and it's a combination. You have to get to it.

Q. And who had the combination to the safe during the period that [defendant] was your manager, '06 to '09?

A. [Defendant] and me.

Q. [Defendant] and you?

A. Only the two of us.

Patel testified to his knowledge of the duties of defendant in the position of general manager of the Comfort Inn West, and given that knowledge, his testimony that defendant generated the deposit summaries and put together the bank deposits was properly within the scope of his personal knowledge as contemplated by Rule 602. *See* *State v. Corbett*, 339 N.C. 313, 330, 451 S.E.2d 252, 261 (1994). Accordingly, defendant's argument is overruled.

*II*

[2] Defendant next argues that the trial court committed reversible error in failing to dismiss the charges due to a fatal variance between the allegation of ownership in the indictments and the evidence presented at trial. Specifically, defendant contends that the allegation in the indictments that Smokey Park Hospitality, Inc., d/b/a Comfort Inn had an interest in the property embezzled varied significantly from the evidence presented at trial. We disagree.

"A variance occurs where the allegations in an indictment, although they may be sufficiently specific on their face, do not conform to the evidence actually established at trial." *State v. Norman*, 149 N.C. App. 588, 594, 562 S.E.2d 453, 457 (2002) (citation omitted). "In order for a variance between the indictment and the evidence presented at trial to warrant reversal of a conviction, that variance must be material. A variance is not material, and is therefore not fatal, if it does not involve an essential element of the crime charged." *State v. Lilly*, 195 N.C. App. 697, 700, 673 S.E.2d 718, 720-21 (2009) (citation omitted).

Defendant was charged with embezzlement in thirteen separate indictments—one for each month from June 2008 through June 2009. Each indictment set forth the following accusation:

> [defendant] unlawfully, willfully and feloniously did embezzle, fraudulently and knowingly misapply and convert to the defendant's own use, and take and make away with and secrete with the intent to embezzle and fraudulently misapply and convert to the defendant's own use U.S. Currency . . . belonging to Smoky Park Hospitality, Inc. DBA: Comfort Inn.

At trial, on cross-examination, Patel testified that in 1999 Smoky Park Investments, Inc., sold its hotel, the Comfort Inn West, to Patel and his wife. Patel and his wife then leased the hotel to a business entity named Smoky Park Hospitality. Patel testified that Smoky Park Hospitality never owned the hotel; it acted as a management company, running the business.

We first consider defendant's argument that there was a fatal variance between the entity named as having an ownership interest in the money embezzled, as set forth in the indictment—Smoky Park Hospitality, and the evidence adduced at trial. We characterize defendant's contention as an argument that the asserted victim, Smoky Park Hospitality, had no ownership interest in the money embezzled. However, this Court has previously held that " '[i]t is sufficient if the person alleged in the indictment to be the owner has a special property interest, such as that of a bailee or a custodian, or otherwise has possession and control of it.' " *State v. Linney*, 138 N.C. App. 169, 172, 531 S.E.2d 245, 250 (2000) (citation omitted); *see also, State v. Kornegay*, 313 N.C. 1, 27, 326 S.E.2d 881, 900 (1985) (An indictment for embezzlement or misappropriation of the property of another is not limited to alleging ownership in the legal owner "but may allege ownership in anyone else who has a special property interest recognized in law." (citation omitted)).

The evidence adduced at trial was that Smoky Park Hospitality managed the hotel, and as such had a special property interest in the money embezzled from the business. Therefore, we reject defendant's contention that Smoky Park Hospitality had no ownership interest.

[3] As to defendant's contention that there was a fatal variance between the use of the name "Comfort Inn" as asserted in the indictment and "Comfort Inn West" by the witness at trial, we hold this vari-

ance immaterial. The primary purpose of an indictment is to enable the defendant to prepare for trial. *State v. Farrar*, 361 N.C. 675, 678, 651 S.E.2d 865, 866 (2007); *see also, State v. Penley*, 277 N.C. 704, 707, 178 S.E.2d 490, 492 (1971) ("If an indictment charges the offense in a plain, intelligible, and explicit manner and contains averments sufficient to enable the court to proceed to judgment, and to bar a subsequent prosecution for the same offense, it is sufficient." (citations omitted)). A variance is not material, and therefore not fatal, if it does not involve an essential element of the crime charged. *State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) (citation omitted). "A variance will not be deemed fatal where there is no controversy as to who in fact was the true owner of the property." *State v. Ellis*, 33 N.C. App. 667, 669, 236 S.E.2d 299, 301 (1977) (citation omitted). Defendant provides this Court with no record evidence, and we find none, indicative of confusion or controversy as to which Comfort Inn defendant was charged with embezzling money as general manager. Accordingly, we overrule this argument.

## III

**[4]** Lastly, defendant argues that the trial court committed reversible error in denying her motions to dismiss because of insufficiency of the evidence. Defendant argues that the evidence in the case amounted to no more than assumptions and speculation. We disagree.

"In a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action, or for judgment as in case of nonsuit, is made at trial." R. App. P. 10(a)(3) (2012); *see also, State v. Farmer*, 177 N.C. App. 710, 630 S.E.2d 244 (2006).

Before the trial court, both at the close of the State's evidence and all the evidence, defendant made motions to dismiss the charges arguing that there existed a fatal variance between the amount of money set forth as embezzled in the indictment and the amount presented at trial, and that the embezzled funds "belonged to Smoky Park Hospitality." However, the argument that defendant makes on appeal concerning the sufficiency of the evidence was not clearly presented to the trial court. Assuming arguendo that defendant's argument was preserved for appellate review, defendant's contention that the evidence admitted against her amounted to no more than assumption and speculation is not persuasive. Our review of the record reveals sufficient evidence to support the submission of the embezzlement charges to the jury: evidence was presented that defendant

recorded the hotel cash receipts and created the bank deposit slips; evidence was presented regarding the amount of cash received by the hotel for each month from June 2008 through June 2009 and the amount of the cash deposits in the hotel's bank account; and evidence was presented that defendant was the only person with access to the records and the cash once it was deposited in the safe to await deposit in the hotel bank account. This argument is without merit.

No error.

Judges ELMORE and ERVIN concur.