STATE OF NORTH CAROLINA
v.
KEVIN CHRISTOPHER ROGERS

No. COA12-1415

Filed 4 June 2013

1. **Homicide—first-degree murder—short form indictment**

    The trial court did not err by failing to dismiss *ex mero motu* the short form first-degree murder indictment because our courts have repeatedly held that it is constitutional.

2. **Homicide—first-degree murder—motion to dismiss—sufficiency of evidence—premeditation—deliberation—felony murder**

    The trial court did not err by denying defendant's motion to dismiss the charge of first-degree murder. There was substantial evidence presented to support a conclusion that defendant killed the victim with premeditation and deliberation. Since the trial court did not arrest judgment on defendant's conviction for robbery with a dangerous weapon, but imposed judgment on the underlying felony, analysis of felony murder was irrelevant.

3. **Robbery—dangerous weapon—motion to dismiss—sufficiency of evidence—continuous transaction**

    The trial court did not err by denying defendant's motion to dismiss the charge of robbery with a dangerous weapon. A

coparticipant's testimony constituted substantial evidence that the robbery and the shooting were part of a continuous transaction.

**4. Conspiracy—motion to dismiss—sufficiency of evidence—implied understanding—robbery with dangerous weapon**

The trial court did not err by denying defendant's motion to dismiss the charge of conspiracy to commit robbery. The facts showed an implied understanding to commit robbery with a dangerous weapon.

**5. Burglary and Unlawful Breaking or Entering—first-degree burglary—failure to instruct—no prejudice**

The trial court did not commit plain error by failing to instruct the jury on the theory of first-degree burglary alleged in the bill of indictment. Defendant could not demonstrate prejudice.

**6. Homicide—first-degree murder—failure to instruct on lesser-included offense—second-degree murder**

The trial court did not err in a first-degree murder case by failing to submit to the jury the lesser-included offense of second-degree murder. The State presented evidence of premeditation and deliberation, and there was no evidence in the record to suggest a lack thereof.

Appeal by defendant from judgments entered 8 December 2011 by Judge Claire V. Hill in Bladen County Superior Court. Heard in the Court of Appeals 11 April 2013.

*Roy Cooper, Attorney General, by Sonya Calloway-Durham, Special Deputy Attorney General, for the State.*

*William D. Spence for defendant-appellant.*

STEELMAN, Judge.

Where there was substantial evidence that defendant committed the crimes charged, the trial court did not err in denying each of defendant's motions to dismiss. Where the trial court's instruction to the jury on first-degree burglary cited the underlying felony as robbery with a dangerous weapon, rather than felony larceny as set forth in the indictment, any error was not prejudicial. Where the State presented substantial evidence of defendant's premeditation, deliberation and intent to commit first-degree murder, and defendant directs us to no contradictory

**STATE v. ROGERS**

[227 N.C. App. 617 (2013)]

evidence in the record, the trial court did not err in declining to instruct the jury on the lesser included offense of second-degree murder.

## I. Factual and Procedural Background

On 24 August 2009, the body of Sean Lesane (Lesane) was discovered in his mobile home by his father. There were no signs of forced entry or of a struggle. Four bullets were found in Lesane's body. An autopsy revealed that the cause of death was multiple gunshot wounds.

The shell casings were .40 caliber Smith and Wesson shells, fired from the same gun. The six bullets were .40 caliber hollow point bullets. The gun was not recovered.

Laterra Ross (Ross), the girlfriend of Kevin Rogers (defendant), testified that she knew Lesane, from whom she periodically received money and drugs. She testified that defendant decided to rob Lesane. On the evening of 20 August 2009, Lesane picked her up and took her to his mobile home where they used drugs. She borrowed Lesane's phone and called defendant, describing the location of the residence and unlocking the front door. When defendant arrived, Ross fled. As she fled, she heard gunshots, and heard Lesane begging for his life. When she returned, Lesane appeared to be dead. Defendant then retrieved money and drugs from a vent above the bathroom door, at which point defendant and Ross left the house. Ross further testified that defendant first buried the .40 caliber hand gun used in the crimes, and then later dug it up and threw it into a river.

In January of 2010, Ross and defendant were arrested in Georgia and brought back to Bladen County. Ross pled guilty to robbery with a dangerous weapon and aiding and abetting first-degree burglary.

Defendant was indicted for the felonies of aiding and abetting robbery with a dangerous weapon, conspiring to commit robbery with a dangerous weapon, first-degree murder, robbery with a dangerous weapon, and first-degree burglary. On 8 December 2011, the jury found defendant guilty of first-degree murder based upon both premeditation and deliberation and felony murder. Defendant was also found guilty of robbery with a dangerous weapon, first-degree burglary, and conspiracy to commit robbery with a dangerous weapon. The State voluntarily dismissed the charge of aiding and abetting robbery with a dangerous weapon. The trial court sentenced defendant to life imprisonment for the first-degree murder charge. The trial court also sentenced defendant to a consecutive sentence of 29-44 months for conspiracy to commit robbery with a

dangerous weapon. The trial court consolidated the remaining two convictions, and imposed a concurrent sentence of 61-83 months.

Defendant appeals.

## II.  Failure to Dismiss *Ex Mero Motu*

[1]  In his first argument, defendant contends that the trial court erred in failing to dismiss, *ex mero motu*, the "short form" first-degree murder indictment. We disagree.

Defendant concedes in his brief that this issue has been decided against him. *See e.g. State v. Braxton*, 352 N.C. 158, 174-75, 531 S.E.2d 428, 437-38 (2000); *State v. Brown*, 320 N.C. 179, 191, 358 S.E.2d 1, 11 (1987). Our courts have repeatedly held that a short form indictment for first-degree murder pursuant to N.C. Gen. Stat. § 14-17 is not fatally defective for failure to specify whether it is based on premeditation and deliberation, felony murder, or other theories articulated in the statute.

This argument is without merit.

## III.  Denial of Motions to Dismiss

In his second, third, and sixth arguments, defendant contends that the trial court erred in denying his motions to dismiss the charges against him based upon the insufficiency of the evidence. We disagree.

### A.  Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*,

339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

## B. Analysis

### 1. First-Degree Murder

**[2]** "In order to convict a defendant of premeditated, first-degree murder, the State must prove: (1) an unlawful killing; (2) with malice; (3) with the specific intent to kill formed after some measure of premeditation and deliberation." *State v. Bonilla*, 209 N.C. App. 576, 582, 706 S.E.2d 288, 293 (2011); N.C. Gen. Stat. § 14-17(a) (2011). Defendant contends that the State failed to present evidence that defendant intentionally killed Lesane with premeditation and deliberation.

> Premeditation and deliberation are mental processes. Generally, they are not subject to proof by direct evidence but must be proved, if at all, by circumstantial evidence. Among other circumstances from which premeditation and deliberation may be inferred are "(1) lack of provocation on the part of the deceased, (2) the conduct and statements of the defendant before and after the killing, (3) threats and declarations of the defendant before and during the occurrence giving rise to the death of the deceased, (4) ill-will or previous difficulties between the parties, (5) the dealing of lethal blows after the deceased has been felled and rendered helpless, (6) evidence that the killing was done in a brutal manner, and (7) the nature and number of the victim's wounds."

*State v. Keel*, 337 N.C. 469, 489, 447 S.E.2d 748, 759 (1994) (citing *State v. Gladden*, 315 N.C. 398, 430-31, 340 S.E.2d 673, 693, *cert. denied*, 479 U.S. 871, 93 L.Ed.2d 166 (1986)).

In the instant case, Ross testified that she heard Lesane beg for his life. A victim's pleas for his life are competent evidence of a lack of provocation. *State v. Spence*, 271 N.C. 23, 34, 155 S.E.2d 802, 811 (1967), *vacated on other grounds*, 392 U.S. 649, 88 S. Ct. 2290, 20 L. Ed. 2d 1350 (1968). The State also presented evidence that Lesane's body had eight gunshot wounds, primarily in the head and chest, with four bullets found inside Lesane's body. The nature and number of a victim's wounds are circumstances from which premeditation and deliberation may be inferred. *Keel*, 337 N.C. at 489, 447 S.E.2d at 759. Further, there was a lack of provocation. The State's evidence showed that defendant went to Lesane's trailer with the express purpose of committing robbery.

Considering this, and the other evidence in the record, in a light most favorable to the State, we hold that there was substantial evidence presented to support a conclusion that defendant killed Lesane with premeditation and deliberation.

Defendant further contends that there was insufficient evidence to find defendant guilty of first-degree murder based upon felony murder. However, because the trial court did not arrest judgment on defendant's conviction for robbery with a dangerous weapon, but imposed judgment · on the underlying felony, analysis of felony murder is irrelevant. *See State v. Robinson*, 342 N.C. 74, 82-83, 463 S.E.2d 218, 223 (1995) (holding that "where defendant is convicted of first-degree murder based upon both premeditation and deliberation and felony murder, the underlying felony does not merge with the murder conviction and the trial court is free to impose a sentence thereon." (quoting *State v. Bell*, 338 N.C. 363, 394, 450 S.E.2d 710, 727 (1994), *cert. denied*, 515 U.S. 1163, 132 L.Ed.2d 861 (1995))).

This argument is without merit.

### 2. Robbery with a Dangerous Weapon

[3] "Under N.C.G.S. § 14-87(a), '[t]he essential elements of robbery with a dangerous weapon are: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened.' " *State v. Gwynn*, 362 N.C. 334, 337, 661 S.E.2d 706, 707-08 (2008) (citations omitted); *see* N.C.G.S. § 14-87(a) (2011). Defendant contends that the State failed to present evidence that the robbery and use of force were part of a continuous transaction.

Defendant contends that the State's evidence of what occurred after Ross left the trailer is nebulous, depending entirely upon what she heard. However, our standard for review is whether the State presented evidence that "a reasonable mind might accept as adequate to support a conclusion." *Smith*, 300 N.C. at 78-79, 265 S.E.2d at 169.

"[T]he exact time relationship, in armed robbery cases, between the violence and the actual taking is unimportant as long as there is one continuing transaction." *State v. Bellamy*, 159 N.C. App. 143, 149, 582 S.E.2d 663, 668 (2003) (quoting *State v. Lilly*, 32 N.C. App. 467, 469, 232 S.E.2d 495, 496-97 (1977)).

We have previously held that a continuous transaction was shown at trial where there was substantial evidence that a defendant killed his

victims and took their property, not as a mere afterthought, but with intent. *See State v. Blue*, 207 N.C. App. 267, 275-76, 699 S.E.2d 661, 667-68 (2010) (continuous transaction existed where evidence showed that defendant attacked victim with intent to take her money); *State v. Stitt*, 201 N.C. App. 233, 250, 689 S.E.2d 539, 552 (2009) (continuous transaction existed where evidence showed that defendant had intent to take victims's money and property prior to the shooting).

In the instant case, Ross testified that defendant came to Lesane's mobile home with the intent to rob Lesane, that defendant shot and killed Lesane, and that defendant left with money and drugs taken from the mobile home. This testimony constituted substantial evidence that defendant threatened the victim with a weapon, and that defendant then took Lesane's property, having formed the intent to do so prior to the shooting, and not merely as an afterthought. The taking and the threat of violence were thus joined by time and circumstances. Ross' testimony constituted substantial evidence that the robbery and the shooting were part of a continuous transaction.

This argument is without merit.

### 3. Conspiracy to Commit Robbery

[4] "To hold a defendant liable for the substantive crime of conspiracy, the State must prove an agreement to perform every element of the crime." *State v. Suggs*, 117 N.C. App. 654, 661, 453 S.E.2d 211, 215 (1995). Defendant contends that the State failed to show that defendant and Ross agreed to commit robbery with a dangerous weapon. Specifically, defendant asserts that in the planning of the robbery of Lesane between defendant and Ross, there was no evidence that the use of a weapon was discussed.

In *State v. Bindyke*, 288 N.C. 608, 220 S.E.2d 521 (1975), our Supreme Court stated:

> A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. To constitute a conspiracy it is not necessary that the parties should have come together and agreed in *express* terms to unite for a common object: A mutual, implied understanding is sufficient, so far as the combination or conspiracy is concerned, to constitute the offense.

*Id.* at 615-16, 220 S.E.2d at 526 (internal quotations and citations omitted) (emphasis in original).

In *State v. Johnson*, 164 N.C. App. 1, 595 S.E.2d 176, *appeal dismissed and disc. review denied*, 359 N.C. 194, 607 S.E.2d 658 (2004), three persons agreed to rob three other persons. There was no initial discussion of the use of a weapon. However, as the robbery began, the defendant, Johnson, pointed a sawed-off shotgun at the victims, while the other two robbers stole their wallets. The three robbers then equally divided the swag. We held that "[t]hese facts are sufficient to support a *prima facie* case that defendant conspired with others to commit robbery with a dangerous weapon at the moment he pointed the gun at the victims." This was an "implied understanding to commit robbery with a dangerous weapon." *Id.* at 17, 607 S.E.2d at 186.

The facts of the instant case also support an "implied understanding to commit robbery with a dangerous weapon." Defendant and Ross agreed to rob Lesane. Ross was aware that defendant owned a .40 caliber pistol, which he had used to assault her. After Ross let defendant into Lesane's mobile home, defendant used that gun to shoot and kill Lesane. Ross re-entered the mobile home and assisted defendant in the removal of Lesane's money and drugs. Following the robbery, defendant and Ross together used the drugs to get high, and the money to pay for motel rooms and shopping sprees.

The trial court did not err in denying defendant's motion to dismiss the charge of conspiracy to commit robbery with a dangerous weapon.

This argument is without merit.

## IV. Instruction on First-Degree Burglary

**[5]** In his fourth argument, defendant contends that the trial court committed plain error by failing to instruct the jury on the theory of first-degree burglary alleged in the bill of indictment. We disagree.

### A. Standard of Review

For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. *See Odom*, 307 N.C. at 660, 300 S.E.2d at 378. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error "had a probable impact on the jury's finding that the defendant was guilty." *See id.* (citations and quotation marks omitted); *see also Walker*, 316 N.C. at 39, 340 S.E.2d at 83 (stating "that absent the error the jury probably would have reached a different verdict" and concluding that although the evidentiary error affected a fundamental

right, viewed in light of the entire record, the error was not plain error). Moreover, because plain error is to be "applied cautiously and only in the exceptional case," *Odom*, 307 N.C. at 660, 300 S.E.2d at 378, the error will often be one that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," *Odom*, 307 N.C. at 660, 300 S.E.2d at 378 (quoting McCaskill, 676 F.2d at 1002).

*State v. Lawrence*, ___ N.C. ___, ___ 723 S.E.2d 326, 334 (2012).

### B. Analysis

The indictment for first-degree burglary alleged that defendant entered Lesane's dwelling with intent to commit larceny. However, in its instructions to the jury, the trial court stated that the State had to prove that, "at the time of the breaking and entering the defendant intended to commit robbery with a dangerous weapon within the dwelling house." Defendant contends that this variance between the indictment and the jury instruction was plain error.

Our Supreme Court's decision in *State v. Farrar*, 361 N.C. 675, 651 S.E.2d 865 (2007), is dispositive of this argument. In Farrar, the defendant's burglary indictment alleged larceny as the underlying felony. The jury instructions stated that the underlying felony was robbery with a dangerous weapon, and defendant failed to object to the jury instruction at trial. Our Supreme Court, reviewing the issue for plain error, held that defendant had not been prejudiced by the instruction, noting that "larceny is a lesser-included offense of robbery with a dangerous weapon, and thus, the jury instructions actually benefitted defendant by adding an additional element for the State to prove." *Id.* at 677, 651 S.E.2d at 866. The Court held this "error favorable to the defendant" was not prejudicial. *Id.* at 679, 651 S.E.2d at 867. *See also State v. Beamer*, 339 N.C. 477, 485, 451 S.E.2d 190, 195 (1994) (holding that, where the jury instruction required the jury to find that defendant committed a crime with more elements than that alleged in the indictment, error was favorable to defendant). We hold that defendant cannot demonstrate prejudice and thus cannot show plain error.

This argument is without merit.

### V. Failure to Submit Lesser Included Offense to Jury

**[6]** In his fifth argument, defendant contends that the trial court erred in failing to submit to the jury the lesser included offense of second-degree murder. We disagree.

## A. Standard of Review

"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).

## B. Analysis

Defendant contends that the trial court erred in denying his request that the lesser offense of second-degree murder be submitted to the jury. The distinction between first-degree murder and second-degree murder is that the former requires a showing of premeditation and deliberation. Our Supreme Court has held:

> If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree, including premeditation and deliberation, and there is *no* evidence to negate these elements other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*State v. Locklear*, 363 N.C. 438, 454-55, 681 S.E.2d 293, 306 (2009) (quoting *State v. Strickland*, 307 N.C. 274, 293, 298 S.E.2d 645, 658 (1983), *overruled in part on other grounds by State v. Johnson*, 317 N.C. 193, 203, 344 S.E.2d 775, 781 (1986)).

At trial, the State presented evidence of defendant's premeditation and deliberation, including Ross' testimony that Lesane begged for his life, the multiple gunshot wounds, and the lack of provocation. As we have previously stated, this was competent evidence of premeditation and deliberation.

On appeal, defendant argues that Ross' testimony as to what transpired in the trailer was speculative, in that Ross did not actually witness what happened, and thus was not evidence sufficient to support a finding of premeditation and deliberation. However, defendant's challenge to Ross' testimony is one of credibility, and the credibility of witnesses is not for this Court to determine. *State v. Buckom*, 126 N.C. App. 368, 375, 485 S.E.2d 319, 323 (1997) (quoting *State v. Hanes*, 268 N.C. 335,

339, 150 S.E.2d 489, 492 (1966)). Defendant cites to no other evidence in the record which would suggest a lack of premeditation or deliberation.

Given that the State presented evidence of premeditation and deliberation, and there is no evidence in the record to suggest a lack thereof, we hold that the trial court did not err in denying defendant's request for an instruction on the lesser included offense of second-degree murder.

This argument is without merit.

NO ERROR.

Judges ELMORE and STROUD concur.